FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARAMIE PLEASANT, a single person,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE, WASHINGTON STATE PATROL, CHIEF JOHN R. BATISTE, individually and in his official capacity, TROOPER MICHAEL L. CHRISTENSEN, individually and in his official capacity, TROOPER KARL A. FENSTER, individually and in his official capacity, TROOPER AARON A. NORTON, individually and in his official capacity, TROOPER CHARLES ROB GARDINER, individually and in his official capacity, TROOPER JENNIFER D. BARRETT, individually and in his official capacity, LAMARR B. CRAIG, a single person, and PROBATION OFFICER FISK, individually and in his official capacity,<br><br>                Defendants. | No. 2:23-CV-00246-MKD<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING AND GRANTING MOTION TO DISMISS AS TO DEFENDANT JENNIFER D. BARRETT<br><br>**ECF No. 45** |

ORDER - 1

Before the Court is a Motion for Summary Judgment filed on behalf of all Defendants, except Defendant Lamarr B. Craig (hereinafter "the State Defendants"). ECF No. 22. On August 6, 2024, the Court held a hearing on the motion. ECF No. 38. Douglas Phelps appeared on behalf of Plaintiff Laramie Pleasant, and Tyler D. Lloyd and Michael Stapleton[1] appeared on behalf of the State Defendants.

On review of the motion and the docket, there are outstanding legal issues requiring additional briefing, as set forth below.

**A. Sovereign Immunity and the Eleventh Amendment**

Plaintiff pursues federal and state law causes of action against a state, a state police force, state police officers, and a state probation officer in their official and individual capacities. ECF No. 1 at 1. The State Defendants move for summary judgment on the state law claims on Eleventh Amendment grounds. ECF No. 22 at 19. Their Eleventh Amendment arguments do not differentiate between the different categories of State Defendants named in this suit (a state, a state police force, and state officers), nor do they differentiate between the claims against the

---

[1] Mr. Stapleton appeared as a licensed legal intern under Washington Supreme Court Admission and Practice Rule 9, supervised by Mr. Lloyd. On August 7, 2024, Mr. Stapleton filed a Notice of Association with Mr. Lloyd. ECF No. 40.

ORDER - 2

officer Defendants in their official capacities and the claims against the officer Defendants in their individual capacities. *See id.*

"The Eleventh Amendment grants a State immunity from suit in federal court . . . by its own citizens . . . ." *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). This immunity extends to claims brought against state agencies in federal court. *City of San Juan Capistrano v. Cal. Pub. Utils. Comm'n*, 937 F.3d 1278, 1281 (9th Cir. 2019) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984)). "State officials sued in their official capacities are generally entitled to Eleventh Amendment immunity." *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) (citing *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007)). This is because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).

The Court directs the parties to brief whether (1) Plaintiff's claims—under federal and state law—against the State, State Patrol, and state officials in either their individual capacities are cognizable in light of the Eleventh Amendment; (2) if the Eleventh Amendment precludes certain claims, which claims, if any,

ORDER - 3

survive; and (3) what relief sought by Plaintiff is recoverable as to each State Defendant, consistent with the Eleventh Amendment.

**B. Fed. R. Civ. P. 12(b)(6)**

"[A] trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)) (quotation marks and alteration omitted). "[T]he district court must give notice of its *sua sponte* intention to dismiss and provide the plaintiff with 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Id.* (quoting *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)).

Defendants Craig and "Probation Officer Fisk" are named in the Complaint and have been served. ECF No. 1 at 2-3 ¶ 1.6; ECF Nos. 10-11. Counsel for the other State Defendants has also appeared on behalf of Defendant Officer Fisk. ECF Nos. 3, 35. Defendant Craig has not responded or appeared to date. It is exceedingly difficult to comprehend any possible claim that the facts alleged in the Complaint state against Defendants Craig and Officer Fisk. *See* ECF No. 1. In fact, the Complaint lists Defendant Craig in the caption and states that he was driving the vehicle, but the Complaint fails to name Defendants Craig and Officer Fisk in any of Plaintiff's causes of action. *See id.* at 7-13. Plaintiff has now moved for entry of default as to Defendant Craig, despite the fact he is not named

ORDER - 4

in any specific cause of action. ECF No. 44. The Court continues to hold that motion in abeyance pending the further briefing ordered below. *See* ECF No. 46.

Plaintiff is hereby given notice of the Court's intent to dismiss any claims against Defendants Craig and Officer Fisk *sua sponte*. Consistent with the below schedule, Plaintiff shall file briefing explaining the bases of these claims.

**C. Motion to Dismiss Defendant Barrett, ECF No. 45**

On August 14, 2024, Plaintiff filed a motion to dismiss Defendant Jennifer Barrett without prejudice due to the failure to locate and serve her. ECF No. 45. The Court held the motion in abeyance. ECF No. 46. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order prior to the opposing party filing an answer or summary judgment. Defendant Barrett has not been served and has not filed an answer or motion for summary judgment. The Court grants Plaintiff's motion, ECF No. 45 and dismisses the action against Defendant Jennifer Barrett without prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. The State Defendants' Motion and Memorandum for Summary Judgment, **ECF No. 22**, is **HELD IN ABEYANCE.**

2. Plaintiff's Motion to Dismiss, **ECF No. 45**, is **GRANTED**. The action against Defendant Jennifer Barrett is **DISMISSED** without prejudice.

ORDER - 5

3.  **By September 23, 2024,** Plaintiff shall file a brief explaining why the claims against Defendants Craig and Officer Fisk should not be dismissed for failure to state a claim.

4.  **By September 23, 2024,** Plaintiff and the State Defendants shall each file a supplemental brief, **not to exceed ten pages**, on the issues identified related to the Eleventh Amendment.

5.  **By September 30, 2024,** Plaintiff and the State Defendants may each file a responsive brief, **not to exceed eight pages**, responding to each other's positions in the supplemental briefing related to the Eleventh Amendment.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to counsel.

**DATED** September 9, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6